PETER McCRAVE, Individually and as a Member of Subordinate Union No. 34, New York, of the Bricklayers, Masons and Plasterers' International Union of America, WILLIAM A. HANNON, Individually and as President of Subordinate Union No. 21, New York, of the Bricklayers, Masons and Plasterers' International Union of America, and MATTHEW TONER, Individually and as President of Subordinate Union No. 1, New York, of the Bricklayers, Masons and Plasterers' International Union of America, Appellants, *v.* ANGELO SEVERINO and THOMAS A. MURRAY, Individually and as Chairman, and THOMAS MURPHY, Individually and as Secretary-Treasurer, both of the New York Executive Committee of the Bricklayers, Masons and Plasterers' International Union of America, Respondents.

First Department, November 27, 1936.

*Edmond B. Butler* of counsel [*O'Connell & Butler*, attorneys], for the appellants.

*Harry Sacher*, for the respondent Angelo Severino.

*Edward C. Maguire* of counsel [*Rice & Maguire*, attorneys], for the respondents Thomas A. Murray and Thomas Murphy.

PER CURIAM. As alleged in the supplemental complaint, the defendant Severino, subsequent to the commencement of the action, was found guilty of charges and expelled from membership and office in the international or in any subordinate union. Severino received a copy of the charges, submitted to the jurisdiction of the international, made answer and appeared at the hearings, and at Special Term all parties conceded that it could be assumed for the purpose of the trial that Severino had been suspended and expelled in accordance with the exhibits submitted and that the merits of the suspension or expulsion were not before the court. No bad faith on plaintiffs' part is proved or even claimed. The rule of law that the cause of action must have arisen before the commencement of the action and that relief cannot be given as to anything occurring subsequently is not applicable in equity; a court of equity adapts its relief to the case at the close of the trial and is not confined to acts or wrongs committed before the action was brought.

While ordinarily the court will not interfere with the internal affairs of an organization such as this union, in this case the defendant Severino had himself originally invoked the aid of the court in the action instituted by him in Bronx county and because of the court order entered in that action these appellants and all members of the union in good standing have been rendered unable to take any steps within the union to protect substantial rights that are threatened with injury which can only be averted by seeking the protection of a court of equity. In such state of facts the court should afford protection and plaintiffs are accordingly entitled to the injunction as prayed for.

The judgment dismissing the complaint on the merits should be reversed, with costs, and judgment directed in favor of the plaintiffs for the relief demanded, with costs.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

Judgment unanimously reversed, with costs, and judgment directed in favor of the plaintiffs for the relief demanded, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.